UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MICHAEL JOSEPH EMERY, <br><br> Plaintiff, <br><br> -vs- <br><br> EQUIFAX INFORMATION SERVICES LLC, <br><br> Defendant. | CASE NO. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, MICHAEL JOSEPH EMERY (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

1

3. Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION, VENUE, AND PARTIES**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Osceola County, Florida; the violations described in this Complaint occurred in this District; and Equifax transacts business within this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Plaintiff has a credit account with Wells Fargo, account number ending in x8795, as to a credit card (hereinafter "Wells Fargo Account").

14. In or about the end of December 2023, Plaintiff received an alert through his Credit Karma account that his credit score had decreased.

15. Upon receiving that alert, Plaintiff reviewed his credit file and was surprised to see the Wells Fargo Account was reporting as overcharged.

16. Shortly thereafter, Plaintiff reviewed his Wells Fargo Account and became aware of unauthorized and fraudulent charges to the Wells Fargo Account.

17. The next day Plaintiff called Wells Fargo to dispute the charges but was unable to verify his identity.

18. Shortly thereafter, Plaintiff visited a local Wells Fargo branch and met with a representative named Patricia who assisted with starting a fraud investigation.

19. During that visit to the Wells Fargo branch, Patricia and Plaintiff were able to ascertain that a Wells Fargo checking account was opened in Plaintiff's name and Plaintiff's old information in or about September/October 2023 without Plaintiff's knowledge or authorization.

20. This unauthorized checking account was then used to access and take over Plaintiff's Wells Fargo Account for the fraudulent charges.

21. Upon review of the billing statement of the Wells Fargo Account in or about December 2023, Plaintiff observed that over $24,000 in unauthorized charges were made in a span of approximately three (3) weeks and all charges were made in Virginia.

22. During the time of the fraudulent and erroneous charges, Plaintiff was at home in Florida and was not in Virginia.

23. On or about December 21, 2023, Plaintiff filed a police report with the St. Cloud Police Department regarding the fraudulent activity, report number 23-007382.

24. In or about January 2024, Plaintiff received the Wells Fargo Account billing statement and was surprised to observe the total balance due was reduced to $9,000.

25. Shortly thereafter, Plaintiff contacted Equifax to dispute the fraudulent balance of the Wells Fargo Account that was reported to his credit file.

26. On or about January 30, 2024, Equifax responded to Plaintiff's dispute by stating the Wells Fargo Account was verified and updated to reflect a still inaccurate balance of $7,584.

27. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

28. Equifax never attempted to contact Plaintiff during the alleged investigation.

29. Upon information and belief, Equifax notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

30. On or about February 4, 2024, Plaintiff learned that Wells Fargo processed two (2) automatic payments without Plaintiff's authorization totaling over $1900 despite the account being flagged as fraud.

31. On or about February 8, 2024, Plaintiff obtained a copy of his Equifax credit report. Upon review, Plaintiff observed the Wells Fargo Account continued to be reported with a status of Closed and a balance of $7,734.

32. On or about February 14, 2024, Plaintiff submitted a detailed dispute letter online to Equifax concerning the inaccurate and erroneous balance being reported. Plaintiff explained the Wells Fargo Account was reporting an inaccurate balance. Plaintiff included an image of his driver's license and Social Security card to confirm his identity. Plaintiff also included images of the erroneous credit reporting, images of billing statements from Wells Fargo, and images of the report number and officer information for the St. Cloud Police Department police report.

33. On or about February 22, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating the Wells Fargo Account and balance were verified as accurate.

34. Despite providing Equifax with all the relevant information needed to prove the Wells Fargo Account was inaccurate, Equifax continued to report the inaccurate account balance.

35. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

36. Equifax never attempted to contact Plaintiff during the alleged investigation.

37. Upon information and belief, Equifax notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

38. As of the filing of this Complaint, Equifax continues to report negative and inaccurate information on Plaintiff's credit report regarding the Wells Fargo Account, and therefore, Plaintiff's damages are on-going.

39. Equifax has never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of the Complaint with Equifax's refusal to conduct a meaningful and thorough investigation into his disputes as it is required by law or otherwise make his credit file accurate.

40. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

  ii. Loss of time attempting to cure the errors;

  iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

  iv. Reduction in credit score; and

  v. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services LLC (Negligent)

41. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

42. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

43. Equifax allowed for a Furnisher to report inaccurate information on an account.

44. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

45. Equifax violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with proof of the St. Cloud Police Department police report, which contained sworn testimony of the fraud.

46. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

47. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services LLC (Willful)

49. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

50. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

51. Equifax allowed for a Furnisher to report inaccurate information on an account.

52. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

53. Equifax violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with proof of the St. Cloud Police Department police report, which contained sworn testimony of the fraud.

54. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from

lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

55. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56. Plaintiff is entitled to recover costs and attorney's fees Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

57. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

58. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing

to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

59. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Wells Fargo.

60. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

61. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

62. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

63. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

64. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

65. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Wells Fargo.

66. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

67. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

68. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly

and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 21st day of March 2024.

Respectfully Submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**/s/ *Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Primary Email:
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*